UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Adrian Ilka Norman, | ) C/A No. 8:13-421-TMC-JDA |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Greenwood County School District 52; | ) |
| Dr. Mark Peterson; | ) |
| Mrs. Kelly Fisher, and | ) |
| Mr. Chris Liner, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This is a civil action filed by a *pro se* litigant appearing *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.

## **BACKGROUND**

The *pro se* Plaintiff, Adrian Ilka Norman, is the parent of a minor child who attends Greenwood County Schools. Plaintiff is displeased with the response she received from school administrators when she reported that a fellow student took a photo of her child while he was using a urinal in the school bathroom. Plaintiff alleges that school officials told her that the fellow student "had been disciplined," but they refused to tell her what kind of discipline the student received. Plaintiff alleges that this refusal to disclose the type of discipline violated her child's civil rights "according to the United States Constitution." (ECF No. 1, Compl. 4). She does not reference any specific provision of the Constitution that

was allegedly violated by the school and the other Defendants, but she asks the court to compensate her child "for his emotional distress, pain, suffering, and humiliation." *Id*. at 5. Plaintiff signed the pleading in her own name and did not list her child as a co-plaintiff.

## **PRO SE REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* pleadings, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a

2

district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the *pro se* Complaint in this case is subject to summary dismissal.

## DISCUSSION

The Complaint submitted in this case should be summarily dismissed because Plaintiff parent does not allege that she was personally injured by Defendants' actions. The only injuries that are mentioned in the Complaint are those allegedly suffered by Plaintiff's son, and he is not a named Plaintiff. *See Raines v. Byrd*, 521 U.S. 811, 819 (1997); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (to have standing, the plaintiff must have suffered a "particularized" injury, which means that "the injury must affect the plaintiff in a personal and individual way"); *In re Mutual Funds Inv. Litig.*, 529 F.3d 207, 216 (4th Cir. 2008) (to possess constitutional standing, a plaintiff must be injured by the defendant, and a federal court must be able to redress the injury).

Moreover, even if Plaintiff named her son as a separate Plaintiff and attempted to litigate this case "on behalf of" herself and her son, the Complaint would still be subject to summary dismissal because a *pro se* litigant such as Plaintiff may not represent another *pro se* litigant in this court. This is true even where the person who wishes to represent another is the parent or guardian of the other *pro se* party in a case. *See Cheung v. Youth*

*Orchestra Found,*, 906 F.2d 59, 61 (2nd Cir. 1990); *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225 (3d Cir. 1998); *Deving v. Indian River County School Bd.*, 121 F. 3d 576, 582 (11th Cir. 1997); *Johns v. County of San Diego*, 114 F. 3d 874, 876 (9th Cir. 1997); *Meeker v. Kercher*, 782 F.2d 153 (10th Cir. 1986); see also *Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 124-25 (2d Cir. 1998) (relying on the common-law rule against non-attorney parents representing their children *pro se* in civil suits).

The prohibition against *pro se* parents representing minor children exists to protect the rights of minor children, who cannot represent themselves in court, because parents unskilled in the law are not likely to adequately protect a child's rights in pursuing litigation on the child's behalf. *See Brown v. Ortho Diagnostic Sys., Inc.*, 868 F. Supp. 168 (E.D. Va. 1994). If, following summary dismissal of this improperly brought case, Plaintiff still wants to pursue her son's alleged constitutional claims, professional legal counsel must be obtained to represent the minor child in any such lawsuit.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25. Plaintiff's attention is directed to the important notice on the next page.

                                                     s/Jacquelyn D. Austin
                                                     United States Magistrate Judge

March 4, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Rm. 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).